IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL RAILROAD PASSENGER   \*
CORPORATION (AMTRAK),
                                                    \*

    Plaintiff,

    v.                                        \*            CIVIL NO. JKB-24-0853

.025 ACRES MORE OR LESS OF LAND,   \*
et al.,

    Defendants.                          \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Pending before the Court is Amtrak's Motion for Alternative Service on Defendant Nakia White. (ECF No. 37.) No party has filed any opposition. The Motion will be granted.

In its Motion, Amtrak details the efforts to serve Ms. White. (*See generally* ECF No. 37.) Amtrak explains that it attempted to serve her via certified mail, return receipt requested, but that "USPS.com tracking information shows that the package has been held undelivered at the post office at the customer's request since April 4, 2024." (*Id.* ¶ 3.) Another attempt was made to deliver the materials via certified mail, return receipt requested, and "the return receipt shows that it was delivered on May 28, 2024, but the recipient's handwritten signature and name are illegible." (*Id.*) Amtrak then "retained the services of Centennial Protection Group to provide private investigative services as to Ms. White's whereabouts and attempt personal service of process." (*Id.* ¶ 4.) The private process server "attempted to serve Ms. White on six separate occasions at different times of day from May 4 to June 3, 2024" and "an investigation confirmed that [the relevant address] is the most likely residence of Ms. White." (*Id.* ¶ 5.) During one service attempt, the process server was able to speak with Ezekiel White, Ms. White's son, "who confirmed that

1

Nakia White resided at this address but was at work." (*Id.*) Mr. White contacted Ms. White at work, and "Ms. White was asked to allow [the process server] the serve the documents at her work, which Ms. White declined over the phone." (*Id.*) The process server believes Ms. White is evading service. (*Id.*; *see also* ECF No. 37-3 (Affidavit of Non-Service).)

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual . . . may be served in a judicial district of the United States by [] following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Maryland law provides for various methods by which service of process may be accomplished. Maryland Rule 2-121(b) provides that "[w]hen proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant." Maryland Rule 2-121(c) provides that "[w]hen proof is made by affidavit that good faith efforts to serve the defendant pursuant to section (a) of this Rule have not succeeded and that service pursuant to section (b) of this Rule is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice."

The Court concludes that alternative service pursuant to Maryland Rule 2-121(c) is appropriate. In short, it appears that Amtrak, through its attempts to serve Ms. White by mail and by process server, has made good faith efforts to effect service upon her and has been unsuccessful. The circumstances outlined by Amtrak reflect that Ms. White may be evading service. Further, service pursuant to Rule 2-121(b)—in particular the requirement that a copy of the documents be

2

left at her place of business—would be impracticable, given Ms. White's refusal to be served at work.

Therefore, Amtrak will be directed to mail the documents to Ms. White's last-known address, 2049 Kennedy Avenue, Baltimore, Maryland 21218. The Court finds that, given the evidence that Ms. White resides at that address, mailing the relevant documents to that address is reasonably calculated to give her actual notice. *See Fid. Nat'l Title Ins. Co. v. M&R Title, Inc.*, Civ. No. PWG-12-148, 2013 WL 12423808, at *2 (D. Md. Feb. 15, 2013) ("[C]ourts have long held that notice by mail is sufficient when reasonably calculated to reach the interested parties." (collecting cases).) The Court will also direct Amtrak to post notice at her address. *See id.* ("When available, the combination of the two service options of mailing to the last known address and posting service on the door of that address, sometimes referred to as 'nail and mail,' continuously has been found to provide the constitutionally required level of notice in a situation demanding alternative service.").

Accordingly, it is ORDERED that:

1. Amtrak's Motion for Alternative Service on Defendant Nakia White (ECF No. 37) is GRANTED;

2. Service of process upon Nakia White MAY BE EFFECTED by mailing the relevant documents via Federal Express and First-Class Mail to 2049 Kennedy Avenue, Baltimore, Maryland 21218, and by posting the documents on the door of that address; and

3. Service of process of the Summons, Complaint, Notice of Condemnation, and other papers SHALL BE EFFECTIVE as of the date of the mailing and posting.

3

4. Amtrak is DIRECTED to file a Status Report or appropriate motion, such as a motion for immediate possession, by August 1, 2024.

DATED this 25 day of June, 2024.

BY THE COURT:

James K. Bredar
United States District Judge