IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK),

    Plaintiff,

v.                                      CIVIL NO. JKB-24-00853

.025 ACRES MORE OR LESS OF LAND,
et al.,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Donna Taft's Motion for Disbursement of Funds. (ECF No. 67.) She explains that she seeks "40% of $75 thousand pain [trouble] distress + interest." (*Id.*)

Ms. Taft's Motion must be denied as untimely, given that motions for disbursement were due on October 16, 2024. (*See* ECF No. 49 (setting the October 16 deadline and explaining that any defendant that does not file a motion by that date forfeits their right to a disbursement).) Moreover, it does not comply with the Court's requirement that any motion for disbursement be accompanied by records evidencing an entitlement to a distribution. (*See id.*)

More importantly, Ms. Taft's Motion must be denied because it is not cognizable in a condemnation action. She appears to be asserting a counterclaim for emotional distress damages. This is not permitted. *See, e.g., United States v. Banisadr Bldg. Joint Venture*, 65 F.3d 374, 380 (4th Cir. 1995) (explaining that a counterclaim could not properly be asserted in a condemnation action); *Equitrans, L.P. v. 0.56 Acres More or Less of Permanent Easement Located in Marion Cnty.*, 145 F. Supp. 3d 622, 631 (N.D. W. Va. 2015) ("After extensive research into this matter, this Court concludes that a counterclaim is not a pleading, but is nevertheless barred under Rule

71.1(e) because it is not an objection or defense to the condemnation claim."); *United States v. Gen. Motors Corp.*, 323 U.S. 373, 378 (1945) ("The Fifth Amendment concerns itself solely with the 'property,' i.e., with the owner's relation as such to the physical thing and not with other collateral interests which may be incident to his ownership."); *United States v. 7,216.50 Acres of Land, More or Less, Situate in Abbeville Cnty.*, 507 F. Supp. 228, 235–36 (D.S.C. 1980) (explaining that "consequential losses are not allowed in federal condemnation proceedings").

Accordingly, it is ORDERED that Ms. Taft's Motion (ECF No. 67) is DENIED.

DATED this 21 day of November, 2024.

BY THE COURT:

_____
James K. Bredar
United States District Judge